**13 CV 0212**

Daniel A. Cohen (DAC-8719)
KORNSTEIN VEISZ WEXLER & POLLARD, LLP
757 Third Ave.
New York, New York 10017-2013
212-418-8600
Attorney for Defendant Trinity HR, LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
SANDS BROTHERS VENTURE CAPITAL II, LLC,
SANDS BROTHERS VENTURE CAPITAL III, LLC,
SANDS BROTHERS VENTURE CAPITAL IV, LLC
AND GENESIS MERCHANT PARTNERS GP,

        Plaintiffs,

    -against-            Case No.

W. ANTHONY HUFF, SHERRI D. HUFF,      **NOTICE OF REMOVAL**
TIFFANY HUFF SIMMONS, BRANDON SIMMONS,
ERIC HUFF, THOMAS BEAN, TRINITY, HR, LLC,
BIG RED, LLC, STEVEN B. PENCE,
GREGGORY SKAGGS, RONALD HEINEMAN,
O2HR, LLC, OXYGEN UNLIMITED, LLC,
THRIVE IIR, LLC, JOHN MCALLISTER,
RIVER FALLS INVESTMENTS, LLC,
JUDSON WAGENSELLER,
RIVER FALLS FINANCIAL SERVICES, LLC,
ACCREDITED INVESTOR RESOURCES, LLC,
WA HUFF, LLC, RIVER FALLS HOLDINGS, LLC,
TRINITY INVESTMENTS, LLC,
TRINITY INSURANCE SERVICE, LLC,
LEAD HR, LLC, MICHAEL SCHROBRING,
REED SMITH, LLP AND CONTINENTAL STOCK
TRANSFER & TRUST COMPANY,

        Defendants.
-----------------------------------------------------------------X

   PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant

Trinty HR, Services, LLC ("Trinity") hereby removes this action from the Supreme Court of the

State of New York, County of New York. In support of such removal Trinity states as follows:

1. On or about December 21, 2012 Trinity was served with a Summons with Notice in a case captioned <u>Sands Brothers Venture Capital II, LLC, et al</u> [including three Sands affiliated companies] <u>v. W. Anthony Huff</u>, et al [including 26 other defendants] which Plaintiffs commenced in the Supreme Court of the State of New York, County of New York, Index No. 654168/2012 (the "state court action"). A copy of the Summons with Notice is attached as Exhibit A. Trinity has not been served with any complaint in the state court action.

2. The only other paper served on Trinity is an Order to Show Cause and supporting Affidavit, concerning a motion for consolidation with an interpleader action entitled <u>Reed Smith, LLP v. Leed HR et al.</u>, Index No. 654213/2012 (Sup. Ct., N.Y. Co.). The Order to Show Cause papers are attached to the Summons with Notice in Exhibit A.

3. The Summons with Notice in the state court action indicates causes of action for fraudulent conveyance, breach of fiduciary duty, fraud, negligence, negligent misrepresentation and/or omission, fraudulent misrepresentation and/or omission and seeks compensatory damages of $5.5 million.

4. The removal statute provides, in relevant part:

   a. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.....

   b. (2) A civil action otherwise removable solely on the basis of the jurisdiction under 1332 (a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

2

5. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between plaintiffs and non-nominal defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. A listing of the non-nominal defendants' places of citizenship for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332 is set forth in Exhibit B. Trinity notes there are two nominal defendants who may be citizens or residents of New York -- Reed Smith, LLP ("Reed Smith" and Continental Stock Transfer & Trust Company ("Continental"). Neither of these two parties is a defendant against whom Plaintiffs seek, or could seek, a recovery, and therefore the inclusion of these parties does not defeat diversity jurisdiction. *See, Bounds v. Pine Belt Mental Health Care Resources*, 593 F.3d 209 (2d Cir. 2010). *See also* 16 Moore's Fed. Practice § 107.14[2][c][iii.i] ("Nominal parties ... are disregarded in determining the existence of diversity jurisdiction"). *Cf. Berkeley Acquisitions, LLC v. Mallow, Konstam & Hager, P.C.*, 262 F.R.D. 269, 273 (S.D.N.Y. 2009) ("Mallow finds itself as a defendant in this case because Berkeley asserts that it is entitled to the balance in an escrow account. The funds at issue do not belong to Mallow; it merely serves as a depository for the funds at issue. Mallow does not have a personal stake in the matter.... In such circumstances, Mallow, as the escrow agent, is not a real party in interest.") (citations omitted).

6. In particular, the Summons with Notice admits that Reed Smith, LLP is "named only as a nominal defendant." None of the alleged causes of action for fraudulent conveyance, breach of fiduciary duty, fraud, negligence, negligent misrepresentation and/or omission, fraudulent misrepresentation and/or omission are in fact directed at Reed Smith, LLP, whose sole rule is as custodian of certain securities in which Reed Smith claims no interest.

3

7. Moreover, the complaint in the Reed Smith interpleader action admits that defendant Continental Stock Transfer & Trust Company is simply a stock transfer agent whose sole role in the Reed Smith interpleader action was to issue the certificated securities that are the subject of the interpleader action. The interpleader action simply concerns which of the other interpleaded parties has the right to obtain those shares. See Reed Smith Complaint §§ 7-14. Whatever the nature of the complaint in this action, none of the alleged causes of action for fraudulent conveyance, breach of fiduciary duty, fraud, negligence, negligent misrepresentation and/or omission, fraudulent misrepresentation and/or omission alleged in the Summons with Notice seek relief from Continental.

8. Upon information and belief the Sands Brothers Plaintiffs are citizens of New York, having been organized in New York and having their principal offices in New York City, New York. Upon information and belief Plaintiff Genesis Merchant Partners, LLC is a corporation formed in Delaware, having its principal office in Connecticut.

9. The action, therefore, is removable, as there is complete diversity between the plaintiffs and the non-nominal defendants, the amount in controversy exceeds the jurisdictional threshold, and none of the non-nominal defendants is a citizen of the State of New York.

10. This Notice of Removal is timely, as it is being filed within the 30-day period after receipt of the Summons with Notice.

11. Trinity is informed that no affidavits of service are on file in the state court action. All of the non-nominal Defendants whom Trinity believes to have been served have consented to the removal of the state court action and, upon information and belief, will timely file written consents.

12. Written notice of the filing of this Notice of Removal has been given to Plaintiffs, and a copy of the Notice will also promptly be filed with the Clerk of the Supreme Court of the State of New York, County of New York.

Dated: New York, New York
       January 9, 2013

                                      KORNSTEIN VEISZ WEXLER &
                                      POLLARD LLP

                                      By: _____
                                          Daniel A. Cohen (DAC-8719)
                                      757 Third Ave.
                                      New York, New York  10017-2013
                                      212-418-8600
                                      Attorney for Defendant Trinity HR, LLC

To:    Richard A. Roth, Esq.
        The Roth Law Firm
        295 Madison Ave., 22nd Flr
        New York, New York
        Attorneys for Plaintiffs